UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | |
| Michael J. Waldron, | Chapter 7 |
| Debtor. | Case No. 13-12190-1-rel |
| CURTIS LUMBER CO., INC., | Adversary Proceeding No. 14-90008 |
| Plaintiff, | **DECLARATION OF STEVEN D.** |
| vs. | **GREENBLATT IN OPPOSITION TO** |
| MICHAEL J. WALDRON, | **DEFENDANT'S MOTION TO EXTEND** |
| | **TIME TO APPEAL** |
| Defendant. | |

STEVEN D. GREENBLATT, ESQ., declares under penalty of perjury as follows:

1.  I am an attorney licensed to practice in the State of New York and admitted to practice in the United States District Court for the Northern District of New York and the United States Bankruptcy Court for the Northern District of New York. I am counsel to Curtis Lumber Co., Inc. ("Curtis Lumber" or "Plaintiff"), plaintiff herein and a creditor of Mr. Michael J. Waldron ("Defendant"), the defendant herein and debtor in the above-captioned Chapter 7 bankruptcy proceeding. I am over the age of 18 years old and all statements made herein are made from personal knowledge except as to any statements made on information and belief, and as to any and all such statements, I believe them to be true. I make this affidavit in opposition to Defendant's Motion to Extend Time to Appeal ("Motion").

2.  Respectfully, the Court should deny the Motion. The decision as to whether or not to grant a motion to extend the time for an appeal of a judgment or other court order is generally held to be a matter of the Court's discretion. *See, e.g., In re Betacom of Phoenix, Inc.*, 250 B.R. 376, 379 – 80 (9th Cir. B.A.P. 2000) (noting that Rule 8002(c) provides that "'the bankruptcy

1

judge *may* extend the time for filing the notice of appeal by any party' provided that the request for an extension is made prior to the expiration of the initial ten-day appeal period,'" (emphasis added by Court) and stating that "[t]he use of the word 'may' rather than 'shall' indicates that the bankruptcy court has discretion in granting such motions"). Discretion, however, does not mean that such motions, are automatically granted; rather, the Court must exercise its discretion by applying the proper standard of review to the motion. *See, e.g., Reeves v. Reeves*, 2012 WL 5871023, **2 – 3 (10th Cir. 2012) (*quoting In re Higgins (Lovelace v. Higgins)*, 220 B.R. 1022 (10th Cir. B.A.P. 1998)) (use of "may" as opposed to "shall" in the Rule "clearly indicates that the court has discretion in passing on such motions," that they are not "to be automatically granted").

      3.      Although several Second Circuit and Northern District cases address the standards applicable to motions for time extensions made after the deadline for filing a notice of appeal has lapsed, it would appear that no Second Circuit court has addressed the issue presented on the present motion, i.e., the standards by which the Court should evaluate a motion made before the lapse of the deadline. All of the courts in other Circuits that have addressed this issue, however, agree that the starting point for the analysis is, as stated above, with the observations that such motions are granted or denied at the Court's discretion, and that the use of "may" as opposed to "shall" means that such motions should not be automatically granted. *See, e.g., Reeves v. Reeves*, 2012 WL 5871023, *supra*); *In re B. Tate Ogle Golf, Inc.*, 154 B.R. 787, 789 (M.D. Fla. Bankr. 1993) ("The word 'may' contained in the first sentence of F.R.B.P. 8002(c) clearly indicates that the court has discretion in passing on such motions. If these extensions were to be automatically granted for the asking, the rule drafters would have used the word 'shall'); *In re Pangburn*, 226 B.R. 109, 110 (Bankr. Idaho 1998) ("A motion under Rule 8002(c) is committed

2

to the Court's discretion. Such motions are not to be automatically or routinely granted; if they were, Rule 8002(c) would say that the Court 'shall,' and not 'may,' extend the time for filing the appeal.") (*citing In re Higgins, supra., and In re B. Tate Ogle Golf, Inc., supra.*).

4.      Following on theses observations, nearly all of the Courts that have been presented with motions such as the present Motion have held that the Court may only exercise its discretion to grant the requested extension of time if the movant alleges some "special circumstances that justify relieving the party from filing the appeal within the ten[1] day time frame all parties are expected to meet under Rule 8002(a)[.]" *In re Pangburn*, 226 B.R. at 110. *See also In re Higgins*, 220 B.R. at 1025 – 26 (affirming denial of motion to extend time to appeal where movant "did not allege any special circumstances in her motion to justify an extension"); *In re B. Tate Ogle Golf, Inc.*, 154 B.R. at 789 (denying motion to extend time to appeal because "debtor has alleged no special circumstances in its motion to justify an extension"); *Reeves v. Reeves*, 2012 WL 5871023, **2 – 3 (*favorably citing* "special circumstances" standard applied in *In re Higgins, supra*).  These courts have typically defined what constitute "special circumstances" as being circumstances "not found in virtually every other case, which justify the exercise of the Court's discretion under Rule 8002(c)." *In re Pangburn*, 226 B.R. at 110.  Applying this standard, Courts have denied motions seeking extension of the appeal deadline where the movants justify their motions with rationales that could apply in any case, such as a desire to "more extensively research the law applicable to the Court's decision and consider all options prior to appeal" (*In re Pangburn, supra*); or where no special rationale justifying the extension is given at all (*In re Higgins*, *supra*).  For the reasons set forth below, Curtis Lumber respectfully submits that this Court should adopt the "special

---

[1] At the time *In re Pangburn* and several of the other cases cited in this Declaration were decided, Rule 8002 set a ten-day time frame for filing a notice of appeal.  At present, the rule provides for fourteen days.

3

circumstances" test applied in the above-cited cases, and only grant motions to extend the time to appeal, such as the present Motion, if the movant has demonstrated the existence of special circumstances unique to the present case and which are not found, generally, in other cases, which would justify the extension.

5. Of the reported cases in this area, only *In re Betacom of Phoenix, Inc.*, *supra*, has not required the movant to show special circumstances before obtaining an extension of time to appeal. There, the Court instead, *sua sponte* and without citation to any authority, persuasive or binding, adopted a four-factor test derived from the standards applicable in the 9th Circuit for a motion for continuance:

> As adapted, the factors for assessing how to exercise the court's discretion with respect to a motion for extension of time in which to file a notice of appeal are: (1) whether the appellant is seeking the extension for a proper purpose; (2) whether the need for an extension would likely be met if the motion were granted; (3) the extent to which granting the motion would inconvenience the court and the appellee or would unduly delay the administration of the bankruptcy case; and (4) the extent to which the appellant would be harmed if the motion were denied. *See United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir.1985) (applying these standards to a motion for a continuance). "The weight ... attribute[d] to any one factor may vary with the extent of the showings on the other factors." *Id*.

*In re: Betacom*, *supra*, at 381.

6. Plaintiff respectfully submits that this Court should follow the "special circumstances" test, which was affirmed by the 10th Circuit Court of Appeal in *Reeves* and by the other courts that have addressed this issue. In *Reeves,* the 10th Circuit expressly rejected *Betacom's* four-factor test and instead affirmed the "special circumstances" approach taken in *Higgins* and all other reported cases in this area outside the 9th Circuit. *See Reeves*, *supra*, at 779. Although *Reeves* gave no reason for such rejection, it makes sense. Nothing in the text of Rule 8002 indicates that motions for extension of time to appeal a bankruptcy court's rulings

4

should be assessed under the standards applicable to a motion for continuance.  Moreover, even *Betacom* recognized that continuance standards are not a direct fit for the bankruptcy appeal context.  *See In re Betacom*, 250 B.R. at 381, n. 5 (substituting requirement that movant show "diligence" with the requirement that movant have a "proper purpose" for the motion) and n. 6 (noting the "unique context of bankruptcy proceedings," and recognizing that "rigid enforcement of the ten-day appeal period in Rule 8002(a) is justified by the peculiar demands of a bankruptcy proceeding, primarily the need for expedient administration of the bankruptcy estate aided by certain finality of orders issued by the court in the course of administration) (internal citations and quotation marks omitted).  The time limitations set forth in the Bankruptcy Code and Rules must have meaning.  Absent a requirement that a Rule 8002 movant show that some special circumstance justifies the Court's disregard of such deadlines, the deadlines themselves would cease to have meaning.  The special circumstances rule thus preserves the Court's discretion to grant time extensions, but sends a clear message to parties in a bankruptcy proceeding that they should not casually disregard the appeal deadlines expressly set forth in the Rule.

7. In this case, however, analysis of the Defendant's Motion under either the "special circumstances" rule or instead under the 4-prong *Betacom* test leads to the same conclusion:  the Motion should be denied.  The Motion fails the "special circumstances" test because Defendant has alleged no special or unique circumstances justifying the requested extension that would not be present in any other case.  For example, any party contemplating an appeal from a summary judgment ruling would allege, as Defendant does, that the opinion in question "makes finding [sic] and determination [sic] of law that are not supported by competent evidence."  Motion at ¶ 2.  Similarly, it almost goes without saying that all parties

5

"wis[h] to perverse [sic.]² [their] right to appeal from the determinations made by the Court." *Id.* at ¶ 3. All parties who believe a court's decision on summary judgment was made in error would also echo the Defendant's assertion that the allegedly erroneous ruling "placed the debtor in a disadvantageous position by appearing to make final determinations before the trial in this matter." *Id.* at ¶ 4. Making such determinations, after all, is what a summary judgment ruling is for. Finally, the Defendant offers no explanation as to why he "can not directly appeal this Court's decision at this time[.]" *Id.* at ¶ 5. Of course he could have; parties regularly appeal summary judgment rulings, which are final, appealable orders of the Court. All the Defendant needed to do in this case was make timely filing of a notice of appeal, and he offers no explanation as to why he was not able to do so in this case.

8. No other reasons or justifications for the granting of the extension are given in the Defendant's six-sentence Motion papers, save for the fact that the Court "may extend time to appeal under F.R.B.P. 8002(c) and F.R.C.P. 6(d)." *Id.* at ¶ 6. Plaintiff does not disagree with this statement, but as noted above, absent a showing of some special circumstance to justify the Court's exercise of such discretion, simply because the Court *may* exercise its discretion in this context does not mean that it *should*. The Motion should be denied.

9. The same result follows under the *Betacom* test. First, Defendant is not seeking the extension for a "proper purpose." *Betacom* expressly holds that an extension sought as a "litigation tactic" is not a proper purpose. 250 B.R. at 381, n. 5. Litigation tactics are the only reasons advanced in the Defendant's sparse motion papers, i.e., the desire to preserve all his options to decide how he wants to litigate this matter. Nor would the Defendant's alleged "need for the extension be met if the motion were granted." *Id.* at 381. Defendant's only claimed

---

² Plaintiff assumes debtor meant to use the word "preserve" in this sentence.

6

reason for needing the extension is that he allegedly "can not directly appeal this Court's decision at this time[.]" Motion at ¶ 5. If the Defendant means that the Court's Order is not final and appealable, he is wrong – nothing prevented him from appealing the Order (which is fully appealable) in a timely fashion, and thus the granting of an extension would not alter or alleviate any condition which was preventing a timely appeal from being filed. If, on the other hand, "can not" means that there are some other circumstances unique to this case which prevented the appeal from being filed, the Defendant leaves Plaintiff and Court in the dark as to what those circumstances may be. They are, in any event, not disclosed, so there is no way for the Defendant to meet his burden under *Betacom* of showing that an extension would alleviate such circumstances and allow him to file an appeal. As to the third *Betacom* factor, any extension of the appeal deadline would, without question, inconvenience both the Court and Plaintiff and would unduly delay the administration of this bankruptcy case. Finally, Defendant would not be harmed if the motion were denied. Defendant had a full and fair opportunity to argue the merits of its substantive positions during written and oral argument on the Plaintiff's summary judgment motion. Moreover, Defendant also had a full, unabridged right to appeal the Court's decision in that matter, and could have done so by simply filing a Notice of Appeal. Having not done so (for whatever unspecified reason(s)), the Defendant must now lie in the bed he has made for himself. He gave up his right to appeal this matter. Denial of this motion would simply continue the status quo, not negatively impact him. Defendant has, in short, met none of his burdens for obtaining an extension of the appeal deadline under the *Betacom* test, and so even under that standard, his Motion should be denied.

10. In summary, no matter which standard the Court chooses to apply, the Defendant has failed to meet its burdens to demonstrate entitlement to the requested extension.

11.    For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Motion in its entirety, and grant such other and further and relief as it may deem proper.

Dated:  December 5, 2015

>By:    /s/Steven D. Greenblatt
>Steven D. Greenblatt, Esq.
>The Law Office of
>Steven D. Greenblatt, PLLC
>480 Broadway, Suite 212
>Saratoga Springs, New York 12866
>Tel. (518) 824-1254
>Fax. (518) 824-5704